**Joseph Bakhos Esq,**
**State Bar Number: 327036**
17221 E. 17th St., Ste #F
Santa Ana, CA 92705
Telephone: [714]-617-5868
Email Address: jbakhoslaw@yahoo.com
**Attorney for plaintiff**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM GHADIRI,<br><br>             Plaintiff,<br>vs.<br><br>CAPISTRANO VALLEY GLASS &<br>MIRROR, a corporation; ELAINE ZAX, an<br>individual; WENTWORTH FAMILY<br>PARTNERSHIP, a partnership,<br><br>             Defendants | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND<br>INJUNCTIVE RELIEF FOR VIOLATIONS<br>OF AMERICANS WITH DISABILITIES<br>ACT; CALIFORNIA UNRUH CIVIL<br>RIGHTS ACT; GENERAL NEGLIGENCE** |

Plaintiff ADAM GHADIRI ("Plaintiff") complains of defendants CAPISTRANO VALLEY GLASS & MIRROR, a corporation; ELAINE ZAX, an individual; WENTWORTH FAMILY PARTNERSHIP, a partnership, (all defendants collectively referenced herein as "Defendants") as follows:

## PARTIES

1.     Plaintiff is a California resident with physical disabilities. He suffers from severe arthritis in his knees and back. He has been diagnosed with spinal stenosis and myelopathy (nerve damage). He has difficulty walking and uses a cane and a wheelchair for long distance mobility. He suffers daily with pain that requires him to take pain medication. He has a California driver's license and drives for business activities and for his household errands. Plaintiff has a California handicap parking placard that is prominently displayed in his vehicle.

2.     Defendant CAPISTRANO VALLEY GLASS & MIRROR, is a Glass and Mirror Store and is located at 26051 Avenida Aeroporto, San Juan Capistrano, 92675.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
- 1 -

3.      Plaintiff is informed and believes and on that basis alleges that defendant ELAINE ZAX, an individual, is the business license holder of CAPISTRANO VALLEY GLASS & MIRROR.

4.      Plaintiff is informed and believes and on that basis alleges that defendant WENTWORTH FAMILY PARTNERSHIP, a partnership, are the owners of the premises, building, and/or the land located at 26051 Avenida Aeroporto, San Juan Capistrano, 92675.

5.      Plaintiff does not know the true names of all possible defendants, their business capacities, their ownership connection to the property and the business, or their relative responsibilities in causing the access violations herein complained of, and plaintiff alleges a joint venture and common enterprise by all defendants. Plaintiff is informed and believes that each of the defendants is responsible in some capacity for the events and damages alleged or is a necessary party for obtaining appropriate relief. Plaintiff shall seek leave to amend the complaint to name and add other defendants when their identities are ascertained.

## JURISDICTION & VENUE

6.      This court has subject matter jurisdiction over this action pursuant to 28 U.S. Code § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S. Code § 12101, et seq.

7.      Pursuant to pendant jurisdiction, an attendant and related cause of action arising from the same nucleus of transactions is brought under California's Unruh Civil Rights Act (Civil Code §§51-52) which expressly incorporates the Americans with Disabilities Act.

8.      Venue is proper in this court pursuant to 28 U.S. Code § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and Plaintiff's causes of action arose in the district.

## FACTUAL ALLEGATIONS

9.      Plaintiff went to CAPISTRANO VALLEY GLASS & MIRROR in or about April 2022. When entering the parking lot, Plaintiff noticed there was a handicap parking space, but there was no handicap parking sign indicating where the handicap parking space was. The condition of the parking lot, therefore, denied Plaintiff, as a disabled person, full and equal access to the business and caused him difficulty and frustration in his attempts to consummate business there.

10.     Failing to provide full and properly maintained access to the store amounts to a violation of the operative American with Disabilities Act Guidelines ("ADAAG"). The lack of an

accessible sales counter also violates the ADAAG. Additionally, these violations demonstrate Defendants are not implementing any policy of upkeep so as to give disabled persons practical access to the given premises and services equal to the access enjoyed by non-disabled persons; this amounts to illegal discrimination against disabled persons who wish to patronize CAPISTRANO VALLEY GLASS & MIRROR as a place of public accommodation.

11.    Plaintiff personally encountered violations of applicable legal obligations and standards that prevented him from full and equal access to convenient, safe, adequate, and appropriate facilities. Plaintiff would like to patronize this establishment again but cannot do so until the Defendants remove these barriers or obstacles to proper access equal for everyone and correct all violations of law. Plaintiff seeks to have all barriers and obstacles related to disabled persons remedied, whichever may exist, regardless of whether he personally encountered any of them. See Doran v. 7-11, 506 F3d 1191 (9th Cir 2007), holding that once a handicapped plaintiff encounters one barrier to equal access at a given site, he can sue to have all other barriers relating to his disability removed even if he did not personally encounter those barriers on the given occasion. Additionally, Plaintiff believes and alleges that Defendants' failure to remedy and remove the specific barriers (difficulties) to access for disabled persons, as mentioned in the Paragraphs above, is intentional because (a) these particular barriers are obvious, and (b) Defendants, jointly and severally, exercised full control and dominion over the conditions on the land and at the business at this particular location, and therefore the lack of and barriers to full equal access for disabled persons was not mere "accidental oversight", given that had Defendants intended any other situation they had the means and ability to make the land and business fully compliant with the legal requirements mandated by the laws, as set forth in the causes of action below.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE AMERICANS WITH DISABILITES ACT OF 1990
### (Against All Defendants (42 U.S. Code § 12101, et seq.))

12.    Plaintiff realleges and incorporates by reference the allegations contained in all prior paragraphs of this complaint.

13.    Defendants own, operate, lease from, or lease to a place of public accommodation commonly known as CAPISTRANO VALLEY GLASS & MIRROR. Under the ADA, it is an act of discrimination for any person(s) who owns, leases (or leases to), or operates a place of public accommodation to deny to disabled persons the full and equal enjoyment of the goods,

---

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

services, facilities, privileges, advantages, or accommodations of any place of public accommodation. 42 U.S. Code § 12182(a). U.S. Code § 12182(b) defines discrimination, inter alia, as follows:

a.    A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S. Code § 12182(b)(2)(A)(ii).

b.    A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, …where such removal is readily achievable. See 42 U.S. Code § 12182(b)(2)(A)(iv). Barriers can be defined by reference to the ADAAG, found at 28 Code Federal Regulations, Part 36, Appendix D.

c.    A failure to design and construct facilities for first occupancy, if later than 30 months after July 26, 1990, that are readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable to meet the requirements of such subsection in accordance with standards set forth or incorporated by reference in regulations issued under this subchapter. 42 U.S. Code § 12183(a)(1).

14.    Defendants are persons or business entities that own, operate, or lease a place of public accommodation. As such, Defendants are required to avoid discrimination and have specific duties to (1) ensure that all construction, alteration, or modification is barrier-free as to disabled persons and complies with the currently operative ADAAG; and/or (2) remove all existing barriers to disabled persons where such removal is readily achievable, and/or (3) to provide alternatives to barrier removal for the benefit of the disabled persons so that they do enjoy equal access at places of public accommodation. Defendants have failed to meet these obligations. Consequently, Plaintiff is entitled to court-ordered relief against the defendants, to make sure that within six months from the beginning of this action the defendants render their public accommodation premises fully compliant with the ADA.

//

//

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

- 4 -

## SECOND CAUSE OF ACTION
### VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
#### (Against All Defendants (Cal Civil Code § 51-53))

15.    Plaintiff realleges and incorporates by reference the allegations contained in all prior paragraphs of this complaint.

16.    Because Defendants violated Plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. Civil Code § 51(f), 52(a).

17.    Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort, and embarrassment for the plaintiff, the defendants are also responsible for statutory damages, i.e., civil penalties. See Civil Code § 51(f), 52(a).

## THIRD CAUSE OF ACTION
### GENERAL NEGLIGENCE
#### (Against All Defendants)

18.    Plaintiff realleges and incorporates by reference the allegations contained in all prior paragraphs of this complaint.

19.    Defendants owe a duty of care to Plaintiff, arising under the ADA and Unruh Civil Rights Act, to provide safe, convenient, and accessible facilities. Their violations of this duty, as alleged in the preceding paragraphs of this complaint, has caused inconvenience, injury, and damage to Plaintiff in the amount of at least minimal amounts of damages allowed by applicable statutes, the exact amount to be determined at the trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this court award damages and provide relief against all named Defendants, jointly and severally, as follows:

1. For mandatory injunctive relief, compelling Defendants jointly and severally to comply with the Americans with Disability Act and the California Unruh Civil Rights Act by fully correcting all violations of the requirements of these laws within six months of being served with Summons and Complaint in this action, and that said Defendants be required to report to Plaintiff and to the Court of the actual status of the correction of the defects charged in this Complaint on the next day after the six month period has expired.

2. For damages under the Americans with Disability Act and/or the Unruh Civil Rights Act where applicable, which statutes provide for actual damages and a statutory minimum of

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

- 5 -

$4,000 per violation. If the Plaintiff cannot recover under both Unruh and ADA, simultaneously, an election will be made prior to or at trial, at an appropriate stage in these legal proceedings.

3. For damages for general negligence, in the amount of at least minimal amounts of damages allowed by applicable statutes, or alternatively $8,000, the exact amount to be determined at trial.

4. For reasonable litigation expenses and costs of suit pursuant to 42 U.S. Code § 12205, Cal Civil Code § 52, and Cal Code of Civil Procedure § 1021.5. For reasonable attorneys' fees pursuant to 42 U.S. Code § 12205, Cal Civil Code § 52, and Cal Code of Civil Procedure § 1021.5, in the amount of $4,000.

5. For such other and further relief as the court deems just and proper.

Dated:  12\1\22

Joseph Bakhos, Esq.
Attorney for Plaintiff

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
- 6 -